### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

PATRICK WILSON (AIS# 281910)      :

      Plaintiff,               :

vs.                        :      **CIVIL ACTION: 13-0133-KD-C**

CAPTAIN JOE PETISE, *et al.*,      :

      Defendants.         :

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further recommended that the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

### I. Amended Complaint (Doc. 5).

Plaintiff filed this § 1983 action on March 18, 2013 (Doc. 1),[1] as well as an Amended Complaint on September 18, 2013, alleging Eighth and Fourteenth Amendment constitutional violations that occurred while jailed at Fairhope City Jail and Baldwin County Corrections Center. (Doc. 5). Plaintiff has named Joe Petise, a City of Fairhope Police Captain, Lieutenant Sledge, a City of Fairhope

---

[1] Plaintiff signed the Complaint on March 10, 2013 (Doc. 1 at 7), and the twenty-one page attachment on March 12, 2013. (*Id*. at 21). The Complaint with attachment was mailed on March 15, 2013. (*Id*. at 22).

Police Lieutenant, the "Chief of Police" of the City of Fairhope Police Department, a "Nurse of Contact for Fairhope City Jail," Judge Langford Floyd, a state court judge, and Arthur L. Byrne, "Sheriff, Baldwin County," as defendants. (*Id*. at 5).

While Plaintiff's claims arose during confinements in 2011 and 2012, the allegations of the complaint have their bases in a prior arrest occurring in 2003. In January 2003, Plaintiff was arrested by Defendant Petise of the Fairhope Police Department for driving a vehicle with a suspended license, without a tag, without insurance, and for attempting to elude police. (*Id*. at 6). Plaintiff states he appealed these municipal charges to the Circuit Court of Baldwin County a month after the arrest (*id*. at 6), but in August 2011, Plaintiff was arrested for burglary, receipt of stolen property, *and* the aforementioned 2003 traffic misdemeanors. (*Id*.).

Upon the August 2011 arrest, he was taken to Fairhope City Jail and transferred the following day to Baldwin County Corrections Center ("BCCC"). (*Id*.). He was appointed counsel to aid in the defense of the two felony charges, burglary and receipt of stolen property, but not for the misdemeanor traffic charges stemming from 2003. (*Id*.). While confined at BCCC, Plaintiff wrote the Baldwin County Clerk of Court inquiring about the 2003 traffic charges and was informed

> that [he] had appealed the Municipal charges to the Baldwin County Circuit Court back in February 19, 2003[, and he] could spend 1 day in jail for $25 of fines owed if [he] was found guilty.

(*Id*.). After being held at BCCC for 62 days, Plaintiff received notice that he had served the required time for his municipal charges and was bonded out of BCCC. (*Id*. at 6-7). Thereafter, Plaintiff remained free on bond until he was convicted on

December 6, 2011, for one of the August 2011 felony charges; however, the state court granted him an appeal bond in February 2012. (*Id*. at 7).

While out on his appeal bond, Plaintiff was rearrested for public intoxication and was taken to Fairhope City Jail where he remained for 14 days. (*Id*.). Plaintiff alleges he was detained for 14 days due to erroneous jail records which indicated that outstanding warrants existed for his arrest on the 2003 municipal traffic violations. (*Id*.). Plaintiff notified Defendant Sledge, the head jailer, that he had previously served time for the misdemeanor traffic charges, and he was being wrongly and illegally held. (*Id*.). Plaintiff subsequently received a hearing regarding his release from jail and, although the hearing judge never addressed whether or not the municipal charges had in fact been dropped, Plaintiff was released on bond.[2]

Thereafter, Plaintiff filed this suit under § 1983 claiming the 62-days spent in jail in 2011 was without a trial, court appearance, or representation of legal counsel in violation of the Fourteenth Amendment and that he was wrongly imprisoned when jailed for 14 days in 2012. (*Id*. at 6-7). He contends Defendant Petise and Defendant Judge Langford Floyd conspired to convict him, to deny him defense counsel, and that they purposefully failed to remove the issued warrants for the misdemeanor charges and are, therefore, liable for his wrongful imprisonment. (*Id*. at 7-8). Additionally, Plaintiff alleges unconstitutional

---

[2]    Mr. Johnson, a supervising officer at Fairhope City Jail, argued at the hearing that Plaintiff should not be released on bond; rather, he should be held for six more days. (Doc. 5 at 7). While Mr. Johnson's reasoning for requesting Plaintiff be denied bond is not found in the record, the complaint does maintain that the hearing judge ordered $36 be taken from Plaintiff's jail account and redeemed for time served, and Plaintiff was released. (*Id*.).

conditions[3] and treatment[4] while confined at Fairhope City Jail and BCCC. (*Id*. at 8). Plaintiff is suing each defendant in his or her official[5] and individual capacity and requests $76,000 ($1,000 per day wrongly imprisoned) as well as punitive damages and declaratory relief. (*Id*. at 5, 12).

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or

---

[3]     Plaintiff claims that the jails are overcrowded and understaffed. (*Id*. at 10). He states that the cells of the jails are designed to hold two inmates at a time, but the policies of the Chief of Police of Fairhope and the Sheriff of Baldwin County have "caused [the] overcrowding condition." (*Id*.). He also asserts he was denied access to the courts because he was taken to the law library for 45 minutes on Saturdays and forced to research his case alone, with outdated materials, and while confined to handcuffs and shackles. (*Id*. at 9). Additionally, he maintains he was subjected to cruel and unusual punishment because he was denied adequate exercise and outside recreation while jailed. (*Id*. at 8). Specifically, Plaintiff states he was only allowed to walk in a narrow fenced area for less than one hour a day, while handcuffed and shackled, and exercised for 45 minutes a day on Saturdays. (*Id*.).

[4]     Finally, he claims that despite being diagnosed with bipolar illness, he was denied medication for his mental illness even after the medical staff was aware of his medical needs. (*Id*. at 10).

[5] The claims against Defendants in their official capacities fail. The Eleventh Amendment, which specifically prohibits suits against "the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," has long been held to apply "equally to suits against a state brought in federal court by citizens of that state." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1277 (11th Cir. 1998). "The state need not be formally named as a defendant for the amendment to apply; state officials sued in their official capacity are also protected by the amendment." *Id*. (citing *Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). None of the exceptions to this rule apply given that the State has not consented to this suit, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985), Congress has not abrogated sovereign immunity, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55-73 (1978), and injunctive relief to end an ongoing issue, *see Ex parte Young*, 209 U.S. 123, 1555-56 (1908), is not presented since Plaintiff is no longer incarcerated at Fairhope City Jail or BCCC. (Doc. 5 at 2, 13) (Plaintiff is currently confined at Bullock Correctional Facility in Union Springs, Alabama).

fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[6]  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S. Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w]' that the pleader is entitled to relief.'"  *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

---

[6]    The frivolity and the failure-to-state-a-claim analysis contained in *Neitzke v. Williams* was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996.  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B).  *Id.* at 1348-49.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III. Analysis.

In screening Plaintiff's claims, the Court finds that his factual content is insufficient to establish a § 1983 action. His factual allegations are "an unadorned the-defendant unlawfully-harmed-me accusation[,]" which is not permissible, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949., or have no bases in law. And the underlying claims are often not even directed to a person who may have actually committed the complained of act, but instead are directed to persons in supervisory positions, and are not associated with an injury. The lack of facts prevents the Court from concluding that the claims are facially plausible because the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1948, and cannot find that his claims are a "'plain statement' possess[ing] enough heft to 'sho[w] that

the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). And for the few claims where Plaintiff has pleaded sufficient facts, his allegations fail to provide the needed elements to establish a successful claim.

### 1.    Wrongful Confinement Claims.

Plaintiff claims he was falsely imprisoned when jailed for 62 days in 2001 and 14 days in 2012. (Doc. 5 at 6). Due to the vaguely pleaded complaint, it is difficult to determine whether Plaintiff is raising a false imprisonment or malicious prosecution claim against defendants.[7] Notwithstanding the distinctions between the two, Plaintiff fails to state a claim upon which relief may be granted.

Malicious prosecution is established by proving: "(1) a judicial proceeding initiated by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor of the plaintiff, and (5) damage. *Haynes v. Coleman*, 30 So. 3d

---

[7]    Compare *Spruell v. Harper*, 2009 U.S. Dist. LEXIS 107995, *7 (N.D. Ga. Nov. 18, 2009) ("'The critical inquiry that distinguishes malicious prosecution from false arrest . . . is whether the [arrest was] made pursuant to a warrant. As a general rule, an unlawful arrest pursuant to a warrant will be more closely analogous to the common law tort of malicious prosecution. An arrest warrant constitutes legal process, and it is the tort of malicious prosecution that permits damages for confinement pursuant to legal process. On the other hand, [a] wrongful warrantless arrest[] typically resemble[s] the tort of false arrest.'" )(quoting *Calero-Colon v. Betancourt-Lebron*, 68 F.3d 1, 5 (1st Cir. 1995)), with *Wallace v. Kato*, 549 U.S. 384, 389-390 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process[.] . . . Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. . . . Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." (emphasis in original)) and *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996) ("Obtaining an arrest warrant is one of the initial steps of a criminal prosecution. Under these circumstances (that is, where seizures are pursuant to legal process), we agree with those circuits that say the common law tort 'most closely analogous' to this situation is that of malicious prosecution.").

420, 423 (Ala. Civ. App. 2009). Where false imprisonment is defined by section 6-5-170, Ala. Code 1975, as "the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty." *See Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996) ("A false imprisonment claim under [§] 1983 is based on the protection of the Fourteenth Amendment against deprivations of liberty without due process of law."). To establish a due process violation, a plaintiff must show the defendant acted, at least, with deliberate indifference to his due process rights. *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007). Accordingly, the plaintiff must show the defendant: (1) had subjective knowledge of a risk of serious harm; and (2) disregarded that risk; (3) by conduct that is more than mere negligence. *Id*. Negligent conduct is not sufficient to give rise to a § 1983 claim for false imprisonment. *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993) ("[A] showing of deliberate indifference is required to establish a violation of substantive due process rights protected by the [F]ourteenth [A]mendment.").

Plaintiff's complaint is void of any evidence that his detention in the Fairhope City Jail or BCCC was improper, much less unconstitutional. The claims stated in the complaint completely lack facial plausibility. Plaintiff pleads no facts that allow the Court to draw any "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Plaintiff presented no evidence of malice, termination of the proceedings in his favor, or damages. *See Haynes*, 30 So, 3d at 423. Furthermore, the facts indicate probable cause existed for both arrests and subsequent detentions as each originated from an outstanding warrant. (Doc. 5 at 6-7); *see Upshaw v. McArdle*, 650 So. 2d 875 (Ala. 1994) ("Probable cause exists where the facts and

circumstances within the officer's knowledge and of which he has reasonable trustworthy information are sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed.") (internal quotations and citations omitted). While Plaintiff argues he was held for 14 days due to a glitch in the records system, his own facts show that this was negligence at best, not a constitutional violation.[8] Therefore, Plaintiff fails to state a claim for malicious prosecution or false imprisonment for his 62-day or 14-day confinement.

### 2. Conspiracy Claim.

Plaintiff claims that Defendant Petise and Defendant Judge Floyd "worked in concert to convict [him] and to make sure [he did] the most jail time possible." (Doc. 5 at 7). This allegation seems to be a claim against the Defendants for conspiracy to deprive Plaintiff of his right to due process under the Fourteenth Amendment. To state a § 1983 claim for conspiracy to violate constitutional rights, Plaintiff must establish a conspiracy existed that resulted in the actual denial of a constitutional right. *GJR Invs., Inc., Cnty. of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998). Moreover, Plaintiff must prove the defendants "reached an understanding" to violate his constitutional rights. *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement."). While factual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence, *Burrell v. Bd. of Trs.*

---

[8]        After informing Defendant Sledge that he was being held pursuant to an outdated warrant, Defendant did not ignore the issue; instead, Defendant spoke to his supervisor and the two investigated Plaintiff's complaint. However, based upon their computer system, the warrant appeared to be active. Therefore, Defendant Sledge was not deliberately indifferent to Plaintiff's claim but reasonably relied on the jail's computer system information to continue to hold Plaintiff until the court ordered Plaintiff's release.

*of Ga. Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992), Plaintiff fails to produce *any* evidence that Petise and Floyd conspired with one another to maliciously prosecute or falsely imprison him. The record lacks any connection between the two defendants, other than Plaintiff's conclusory allegation that "Petise and Floyd never removed the warrants from the system on purpose." (Doc. 5 at 8). Additionally, the complaint states that Defendant Petise arrested Plaintiff in 2003 and has "been harassing and trying to arrest [him] for various traffic (misdemeanor) and felony charges since 2003." (*Id*. at 7). However, there is no evidence that Petise ever arrested Plaintiff after 2003, that he ever questioned Plaintiff after 2003, or that he even participated in any judicial proceedings against Plaintiff. Plaintiff has failed to show the essential elements needed to state a claim for conspiracy under § 1983. Thus, it is recommended that his claim be dismiss for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).[9]

### 3. Unconstitutional Conditions at Fairhope City Jail and BCCC.

The Constitution does not require that places of incarceration be comfortable. *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2401, 69 L.Ed.2d 59 (1981). All that is required is that the State furnishes "its prisoners with reasonably adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Newman v. Alabama*, 559 F.2d 283, 291 (5th Cir.), *rev'd in part sub nom. Alabama v. Pugh,* 438 U.S. 781, 98 S. Ct. 3057, 57 L.Ed.2d 1114 (1978); *see*

---

[9]    Additionally, "[i]n a § 1983 action, a judge is entitled to absolute immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the 'clear absence of all jurisdiction.'" *Brown v. City of Atmore Police Dep't.*, Civ. A. No. 10-0599-CG-M, 2011 WL 4464582 at * 3 (S.D. Ala. Aug. 29, 2011) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357, 362 (1978)). The evidence presented by Plaintiff suggests that Defendant Floyd was acting in his judicial capacity at all times for which Plaintiff complains; therefore, Defendant Floyd is entitled to immunity from a suit for damages such as this action.

*Helling v. McKinney*, 509 U.S. 25, 32, 113 S. Ct. 2475, 2480, 125 L.Ed.2d 22 (1993);

*Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1574 (11th Cir.), cert. denied, 475 U.S. 1096,

106 S. Ct. 1492, 89 L. Ed. 2d 894 (1986).

     In order to prevail on an inhumane conditions of confinement claim, an

inmate must satisfy an objective component and a subjective component.[10]

*Farmer v. Brennan*, 511 U.S. 825, 836, 114 S.Ct. 1970, 1983, 128 L.Ed.2d 811

(1994). The objective component requires the Court to look to "contemporary

standards of decency," to determine whether the challenged condition resulted in

a deprivation of "the minimal civilized measure of life's necessities," *Rhodes*, 452

U.S. at 347, 101 S. Ct. at 2399, or, at a minimum, of a "single human need[.]"

*Wilson v. Seiter*, 501 U.S. 294, 305, 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991); *see*

*Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994). Moreover, the challenged

condition must be "extreme . . . [b]ecause routine discomfort is 'part of the

penalty that criminal offenders pay for their offenses against society, only those

deprivations denying the minimal civilized measure of life's necessities are

sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*

*v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (citations

and quotation marks omitted). "Nothing so amorphous as 'overall conditions' can

rise to the level of cruel and unusual punishment when no specific deprivation of

---

[10]    Given that Plaintiff's complaint covers multiple confinements in different facilities, the Court is unclear if his allegations arise during a time period where he was held as a pretrial detainee or after conviction. Because a pretrial detainee has not been convicted, his claim arises under the Fourteenth Amendment; whereas, the Eighth Amendment protects the convicted prisoner. *Id*. at 1572-73; *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1024 n.5 (11th Cir. 2001). However, the standard for claims based on the lack of basic necessities of food, living space, and medical care is the same under either amendment. *Hamm*, 774 F.2d at 1574. For the purposes of this recommendation, reference will be made to the Eighth Amendment because most cases have been decided under the Eighth Amendment.

a single human need exists." *Wilson*, 501 U.S. at 305, 111 S. Ct. at 2327; *Jordan*, 38 F.3d at 1564.

In the present action, Plaintiff's conclusory, unsupported allegations that "Fairhope City Jail and Baldwin County Jail were overcrowded and understaffed. . . . There were not enough guards for each detainee and . . . [c]ells are designed to hold only two detainees" fail to present a deprivation of a single human need or of the minimal civilized measure of life's necessities and do not have the plausibility necessary for the Court to find a constitutional violation. (Doc. 5 at 11). "Indeed routine discomfort is part of the penalty prisoners may pay for their offenses, and prisoners cannot expect the 'amenities, conveniences, and services of a good hotel." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004) (citation omitted) (unpublished). Because the objective component has not been satisfied, Plaintiff has failed to state a claim based on his conditions of confinement. *See Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) (declining to discuss the subjective component when the inmate failed to meet his burden on the objective component).

Plaintiff also alleges that he was subjected to cruel and unusual punishment because he was denied adequate exercise and outside recreation while jailed. (*Id*. at 8). Specifically, Plaintiff states he was only allowed to walk in a narrow fenced area for less than one hour a day, while handcuffed and shackled, and exercised for 45 minutes a day on Saturdays. (*Id*.). Not being allowed to exercise with other inmates, in and of itself, does not demonstrate a deprivation of a single human need. *Accord Green v. Ferrell*, 801 F.2d 765, 771-72 (5th Cir. 1986) (there is no absolute right to outdoor exercise under Constitution). Although Plaintiff clearly objects to the frequency or amount of exercise he was

allowed as well as to the area designated for exercise, he admits he was allowed exercise and outdoor recreation. Thus, he has failed to establish a violation of the Eighth Amendment, an essential element to a § 1983 claim, a violation of a constitutional right, *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), and his claim should be dismissed pursuant to § 1915(e)(2)(B)(ii).

### 4. Denied Access to the Courts.

Plaintiff claims he was denied access to the courts while incarcerated at Fairhope City Jail because it lacked a law library and at BCCC because he was only allowed visits in the law library for 45 minutes on Saturdays, forced to research his case alone, with outdated materials, while confined to handcuffs and shackles. (Doc. 5 at 9). This claim is not connected to specific defendants and, for this reason alone, this claim fails to state a claim upon which relief can be granted.[11] *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (a plaintiff must establish a causal connection between a defendant's actions, orders, customs, and policies and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action).

Turning to the substantive aspects of an access-to-courts claim, in *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court ruled that an inmate must show that he has suffered an injury in order to have standing to bring a claim for denial of access to courts in a § 1983 action. *Id*. at 349, 116 S. Ct. at 2179. To establish this injury the inmate must show that he has been frustrated or impeded in the prosecution of his conviction's direct appeal,

---

[11]     Plaintiff does allege that the policies put in place by the Sheriff of Baldwin County denied him "meaningful access to the courts." (Doc. 5 at 9). However, Plaintiff does not specify a custom or policy in place at BCCC. Despite this deficiency, the claim fails to establish the needed elements of an access-to-courts claim.

habeas petition, or civil rights action implicating a basic constitutional right and that this underlying action was nonfrivolous. *Id*. at 353-54, 116 S. Ct. at 2181-82. The underlying "claim must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187, 151 L.Ed.2d 578 (2002). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355, 116 S. Ct. at 2182.

In the present action, Plaintiff's allegations concerning this claim are extremely vague and conclusory. It appears that Plaintiff desired access to a law library to research and defend his 2003 misdemeanor charges. However, the complaint fails to state any details regarding the status of the charges or the appeal thereof. There is no evidence presented relating to the prosecution of Plaintiff's case implicating a constitutional right and need for greater access to the library than he received. As a result of this pleading deficiency, the Court is unable to identify a specific nonfrivolous action in which Plaintiff has been injured or will be injured, nor is an injury identified. Plaintiff has, therefore, failed to establish that he has suffered a harm or will suffer a harm of the type described in *Lewis v. Casey*, *supra*, so as to have standing to bring an access-to-courts claim. Accordingly, Plaintiff has failed to state a claim for the denial of access to the courts. *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir.) (affirming the dismissal of access-to-courts claims because plaintiff made no showing the dismissed underlying actions were nonfrivolous), cert. denied, 535 U.S. 1037, 122 S. Ct. 1797, 152 L. Ed. 2d 655 (2002).

 5.    **Denied Medical Care Claim.**

Plaintiff claims that the Fairhope Chief of Police, Lieutenant Sledge, the "Nurse of Contact for Fairhope City Jail," as well as Arthur Byrne, the "Sheriff of Baldwin County," failed to provide him proper medical care while jailed. (Doc. 5 at 9). He asserts that despite suffering from bipolar disorder and a heart condition, his requests to see a physician were denied (*id*. at 10); furthermore, he was denied medication for his mental illness which caused him mental anguish and depression. (*Id*.). These allegations are extremely conclusory for a medical care claim, and they lack the facial plausibility necessary for demonstrating that a defendant was deliberately indifferent to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L.Ed.2d 251 (1976).

Also the Court finds "the Nurse of Contact for Fairhope City Jail" is not a properly named defendant in this action. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The Eleventh Circuit has created "a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Id*. (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (the "John Doe" defendant designation is sufficient when other identifying information indicates that only one person occupies a specific position)).

In this case, Plaintiff has identified as a defendant "a nurse at the Fairhope City Jail" who, according to Plaintiff, denied him medication. (Doc. 5 at 10). It is unclear whether more than one nurse came to the Fairhope City Jail. Because Plaintiff gave no specifics regarding the nurse or even on what date he saw a nurse while he was at the Fairhope City Jail, it is impossible to identify the nurse. The description is insufficient to identify the one nurse against whom Plaintiff is

asserting this claim, and the claim is, therefore, due to be dismissed. *See Richardson*, 2010 WL 693629, at *2 (plaintiff's description of defendant as "John Doe . . . Guard, Charlotte Correctional Institute," was insufficient to identify the defendant among the many guards employed at the prison, and the claim was properly dismissed).

Furthermore, Plaintiff has not alleged deliberate indifference against the named defendants. (Doc. 5). And, he has failed to identify a specific act by any named defendant that caused him actual harm. Instead, Plaintiff claims that the policies of the defendants caused him to receive unconstitutional medical care.

Because § 1983 does not provide for liability under a theory of *respondeat superior*, *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978), Plaintiff must establish a causal connection between a defendant's actions, orders, customs, or policies and a deprivation of his constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (A casual connection may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation.). Given that Plaintiff does not allege personal involvement or specific acts on the part of any defendant, nor does he identify an actual policy or custom established by any defendant that resulted in deliberate indifference to his medical needs, s*ee Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 706 (11th Cir. 1985) (A defendant may be liable if it establishes or utilizes a policy or custom which "play[s] a role in the delay in treatment and deliberate indifference" of a plaintiff's medical needs.), Plaintiff has failed to state a claim upon which relief can be granted, and the Court recommends this claim be dismissed pursuant to § 1915(e)(2)(B)(ii).

### 6. Malicious Filing.

In the alternative to dismissal of Plaintiff's complaint for failing to state a claim upon which relief may be granted, the Court recommends this dismissal of this action pursuant to § 1915(e)(2)(B)(i). In screening the complaint under 28 U.S.C. § 1915, the Court finds that Plaintiff filed his complaint on a court-provided complaint form, as required by the Court and Local Rule 83.9(d)(1). This complaint form requires a prisoner plaintiff to provide a complete litigation history of his lawsuits filed in state or federal court courts dealing with the same or similar facts that are involved in his present action or are otherwise related to his imprisonment. (Doc. 1 at 3; Doc. 5 at 1-2). On the complaint form Plaintiff checked the "No" box indicating he had not filed any "other lawsuit in state or federal court relating to [his] imprisonment." (Doc. 1 at 3). He further responded with "N/A" to the form's questions and then signed his Complaint under penalty of perjury on March 10, 2013. (*Id*. at 7). Plaintiff again misleads the Court with his amended complaint filed on September 18, 2013. His amended complaint lists one state court case pending in the Alabama Court of Criminal Appeals, but fails to mention any federal case. (*Id*. at 1).

Plaintiff's responses do not reflect his litigation history. An examination of PACER (Public Access to Court Electronic Record) reveals that at the time Plaintiff signed his complaint, he previously (on January 23, 2013) filed an action in the United States District Court for the Middle District of Alabama, CA 13-49-TMH-WC. Plaintiff did not list this action or attempt to identify it on either of filed complaints with this Court.

Section 1915(e)(2)(B)(i) requires an action be dismissed if the action is found to be malicious. An action is deemed malicious under § 1915(e)(2)(B)(i)

when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2012 U.S. Dist. LEXIS 183282, 2012 WL 6761569, at *1 (N.D. Fla. 2012) (unpublished)[12] (collecting cases), adopted, 2013 U.S. Dist. LEXIS 700, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (finding an action that had been dismissed for abusing the legal process because an inmate lied under penalty of perjury about a prior lawsuit to be malicious); *Harris v. Warden*, 498 F. App'x 962, 2012 WL 5907451, at *1 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for an abuse of process where the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corr.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had not had an action dismissed prior to service of process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), cert. denied, 133 S. Ct. 2050, 185 L. Ed. 2d 890, 2013 WL 1788095 (Apr. 29, 2013) (No. 12-8885); *Redmon v. Lake Cnty Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the

---

[12]    "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (2005).

inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corr.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not disclose his prior lawsuits in spite of his argument that he no longer has access to the documents so he could answer fully due to the rule regarding "excess legal material"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he has brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

In the present action, the Court finds that the information requested was available to Plaintiff and he chose not to provide it to the Court and then knowingly signed the Complaint (Doc. 1) and Amended Complaint (Doc. 5) under penalty of perjury. The Court thus concludes Plaintiff's action is malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). It is further recommended that the dismissal of this action be counted as a strike under 28 U.S.C. § 1915(g).

<u>**NOTICE OF RIGHT TO FILE OBJECTIONS**</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." *Dupree v. Warden,* 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 10th day of June, 2014 .

/s/ WIILIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE